**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 13**

Docket No. SF-4324-15-0088-M-1

**Darek J. Kitlinski,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

March 23, 2023

Darek J. Kitlinski, Arlington, Virginia, pro se.

Clairanne Mariah Porter Wise, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1    This Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). The sole issue before the Board is whether the administrative judge correctly found that the appellant failed to establish jurisdiction over his appeal based on his claim that the agency created a hostile work environment in retaliation for his protected activity. For the reasons set forth below, we AFFIRM the administrative judge's findings and DISMISS the appeal for lack of jurisdiction.

BACKGROUND

¶2	The facts of this case are set forth more fully in the administrative judge's initial decision and the Federal Circuit's opinion. *Kitlinski v. Department of Justice*, MSPB Docket No. SF-4324-15-0088-I-1, Initial Decision (ID) at 2-5 (Feb. 13, 2015); *Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1376-79 (Fed. Cir. 2017). Briefly, the appellant was a Supervisory Special Agent with the agency's Drug Enforcement Administration (DEA). ID at 2. He was also a reservist in the United States Coast Guard (Coast Guard) and had been recalled to active duty for an extended period beginning in 2011. *Kitlinski*, 857 F.3d at 1376. Prior to filing this appeal, the appellant had filed two USERRA appeals and an equal employment opportunity (EEO) complaint against the agency. *Id.*

¶3	According to the appellant, on September 23, 2014, he appeared at DEA headquarters for a deposition in his EEO case. *Id.* After the deposition was finished, he claimed that he returned to his car and discovered under the hood "a Blackberry device bearing a DEA sticker." *Id.* "He suspected that the device had been planted by agency officials . . . and that the device was intended to be used to track his location and record his conversations." *Id.* The appellant's wife, who was also an agency employee, turned the Blackberry over to their attorney and notified the agency's Office of Professional Responsibility (OPR) of the matter. *Id.*

¶4	OPR summoned the appellant's wife to an interview and directed her to return the Blackberry to the agency. *Id.* Subsequently, two OPR investigators traveled to the appellant's Coast Guard duty station and directed the appellant to turn over the Blackberry and to appear at OPR's offices for an interview. *Id.* The appellant did not appear for the interview, and there is no indication in the record that either the appellant or his wife ever returned the Blackberry. *Id.* at 1378. The appellant does not claim that the agency took any action against him as a result.

¶5　　The appellant filed the instant USERRA appeal and requested a hearing. *Kitlinski v. Department of Justice*, MSPB Docket No. SF-4324-15-0088-I-1, Initial Appeal File (IAF), Tab 1.  He raised the following four claims: (1) the agency discriminated against him in violation of 38 U.S.C. § 4311(a) by denying him a benefit of employment; (2) the agency discriminated against him in violation of 38 U.S.C. § 4311(a) by creating a hostile work environment; (3) the agency retaliated against him for his prior USERRA activity in violation of 38 U.S.C. § 4311(b) by discriminating against him and taking adverse employment actions against him; and (4) the agency retaliated against him for his prior USERRA activity in violation of 38 U.S.C. § 4311(b) by creating a hostile work environment.  *Kitlinski*, 857 F.3d at 1379-82.  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  ID at 15. He found that the appellant failed to make a nonfrivolous allegation that he was subjected to a denial of a benefit of employment or any other entitlement listed in 38 U.S.C. § 4311(a) on the basis of his uniformed service or obligation to perform such service.  ID at 6-7, 15.  He also found that the appellant failed to make a nonfrivolous allegation that the agency took an adverse employment action or otherwise discriminated in employment against him in retaliation for protected USERRA activity under 38 U.S.C. § 4311(b).  ID at 8-12, 15.  Finally, he found that the appellant failed to allege facts which, if proven, would rise to the level of a hostile work environment under either section 4311(a) or section 4311(b).  ID at 12-15.  The appellant filed a petition for review, and the Board issued an Opinion and Order affirming the initial decision.  *Kitlinski v. Department of Justice*, 123 M.S.P.R. 41 (2015), *aff'd in part, vacated in part, and remanded*, 857 F.3d 1374 (Fed. Cir. 2017).

¶6　　The appellant then filed a petition for judicial review with the Federal Circuit.  *Kitlinski*, 857 F.3d at 1376.  On review, the Board, as respondent, noted that its Opinion and Order did not address whether the appellant had made a nonfrivolous allegation that the agency subjected him to a hostile work

environment in retaliation for his prior USERRA activity, in violation of 38 U.S.C. § 4311(b). *Id.* at 1379. The Board therefore requested that the appeal be remanded for it to address this issue in the first instance. *Id.* The court issued an opinion affirming the Board's final decision in part and vacating and remanding in part. *Id.* at 1382. The court affirmed the Board's findings that the appellant failed to make a nonfrivolous allegation of jurisdiction with respect to the first three claims described above. *Supra* ¶ 5; *Kitlinski*, 857 F.3d at 1380-82. The court vacated the Board's order, however, and remanded for further proceedings on the fourth claim. *Kitlinski*, 857 F.3d at 1382.

## ANALYSIS

¶7    At issue here is the appellant's claim that, in retaliation for exercising his rights under USERRA, the agency created a hostile work environment by allegedly placing a Blackberry device under the hood of his car and summoning him to an investigative interview. IAF, Tab 12 at 12-13. The question is whether this amounts to a nonfrivolous allegation of Board jurisdiction under 38 U.S.C. § 4324. For the following reasons, we find that it does not.

¶8    USERRA's prohibition on retaliation in 38 U.S.C. § 4311(b) provides that:

> [a]n employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

To establish jurisdiction over a USERRA retaliation claim under this subsection, an appellant must make nonfrivolous allegations that (1) he engaged in activity protected under 38 U.S.C. § 4311(b), (2) the agency discriminated in employment or took an adverse employment action against him, and (3) his protected activity

was a motivating factor in the agency's action.[1]  *See* 38 U.S.C. § 4311(b), (c)(2); *Hayden v. Department of the Air Force*, 812 F.3d 1351, 1363 (Fed. Cir. 2016); 5 C.F.R. § 1201.57(a)(3), (b).  In this case, it is undisputed that the appellant engaged in activity protected under 38 U.S.C. § 4311(b).  Specifically, he exercised a right provided for under 38 U.S.C. § 4324(b) when he filed his two previous USERRA appeals, *Kitlinski v. Department of Justice*, MSPB Docket No. SF-4324-14-0184-I-1, and *Kitlinski v. Department of Justice*, MSPB Docket No. SF-4324-14-0687-I-1, on December 13, 2013, and July 8, 2014, respectively.  The remaining question before us is whether the appellant made a nonfrivolous allegation that the agency "discriminate[d] in employment" or took an "adverse employment action" against him by creating a hostile work environment.  38 U.S.C. § 4311(b).  As explained below, we answer that question in the negative.

¶9      As an initial matter, we find that, considering the legislative history and remedial purpose of USERRA, it is appropriate to interpret USERRA's anti-retaliation provision as encompassing hostile work environment claims.  The Board previously found that a hostile work environment claim may lie under USERRA's anti-discrimination provision, set forth in 38 U.S.C. § 4311(a), to the extent that the creation of a hostile work environment amounts to the denial of a "benefit of employment."[2]  *Petersen v. Department of the Interior*, 71 M.S.P.R.

---

[1] If an appellant previously sought corrective action from the Department of Labor in connection with his claim under 38 U.S.C. § 4322, he also must prove by preponderant evidence that he has exhausted his administrative remedies.  *See* 38 U.S.C. § 4322(e); *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 7 (2005); 5 C.F.R. §§ 1201.57(c)(1), 1208.11.  Because the appellant filed the instant appeal directly with the Board, this jurisdictional element is inapplicable to this case.

[2] Section 4311(a) states the following:

> [a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment,

227, 235-39 (1996). In *Petersen,* we determined that one of the basic purposes of USERRA is to prohibit discrimination because of an individual's service in the uniformed services, and that an expansive interpretation of the statute was intended by Congress. *Id.* at 235-36. Further, we noted that the courts consistently have construed other anti-discrimination statutes as proscribing harassment in the workplace, and concluded that harassment on account of uniformed service, which is sufficiently pervasive to alter the conditions of employment and create an abusive working environment, is a violation of 38 U.S.C. § 4311(a). *Id.* at 237-39.

¶10 We find that USERRA's anti-retaliation provision similarly proscribes a hostile work environment. Section 4311(b) prohibits "discriminat[ion] in employment against" or "tak[ing] any adverse employment action against" individuals who engage in activity protected by that provision. In other words, an employer may not retaliate against an individual for exercising his rights under USERRA. *Hayden*, 812 F.3d at 1362-63. Statutes should be interpreted in a manner that is consistent with the intent of Congress. *Hellebrand v. Secretary of the Department of Health and Human Services*, 999 F.2d 1565, 1570-71 (Fed. Cir. 1993). The legislative history of USERRA explicitly states that it was intended "to prohibit discrimination or acts of reprisal" against individuals who file a complaint, assist in an investigation, or testify in a proceeding under that statutory scheme, and that USERRA is to be "liberally construed." H.R. Rep. No. 103-65(I), at 17, 19, 24 (1993), *as reprinted in* 1994 U.S.C.C.A.N. 2449, 2450, 2452, 2457. As the Federal Circuit has explained, any "interpretive doubt

---

retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). USERRA defines the term "benefit of employment" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest . . . that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice." *See* 38 U.S.C. § 4303(2).

is to be resolved in the veteran's favor." *Kirkendall v. Department of the Army*, 479 F.3d 830, 846 (Fed. Cir. 2007) (en banc) (citing *Brown v. Gardner*, 513 U.S. 115, 117-18 (1994)).

¶11 Our conclusion is confirmed by certain amendments to USERRA in 2011. Specifically, in *Carder v. United Airlines, Inc.*, 636 F.3d 172 (5th Cir. 2011), the U.S. Court of Appeals for the Fifth Circuit held that USERRA did not create a cause of action based on a hostile work environment. Specifically, the court observed that "[i]n originally permitting a plaintiff to assert a hostile work environment claim in a Title VII case, the Supreme Court relied heavily on Title VII's language prohibiting discrimination with respect to the 'terms, conditions, or privileges of employment.'" *Carder*, 636 F.3d at 177 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 63-66 (1986)). However, this language was absent from USERRA, and the court found that its omission was intentional. The court therefore declined to read the USERRA term "benefits of employment" to encompass "terms, conditions, or privileges of employment," and thus held that the plaintiff could not raise a hostile work environment claim under USERRA. *Id.* at 178-81. Eight months after the *Carder* decision was issued, Congress clarified the term "benefits of employment" by amending 38 U.S.C. § 4303(2) to state specifically that it means "the terms, conditions, or privileges of employment." Vow to Hire Heroes Act of 2011, Pub. L. No. 112-56, § 251, 125 Stat. 711, 729. Based on Congress's legislative response to the *Carder* decision, we find unambiguous congressional intent that hostile work environment claims be cognizable under USERRA.

¶12 Moreover, we previously have recognized a prohibition against a retaliatory hostile work environment under the Whistleblower Protection Enhancement Act of 2012, a statute that similarly prohibits retaliation for protected activity. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015) (relying upon legislative history to broadly interpret a prohibition against retaliating for whistleblowing by making "any other significant change in duties,

responsibilities, or working conditions" to include harassment "that could have a chilling effect on whistleblowing"), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.  Additionally, Federal courts have concluded that hostile work environment claims are available under other similar anti-retaliation statutory provisions.  *E.g.*, *Gowski v. Peake*, 682 F.3d 1299, 1311-12 (11th Cir. 2012) (recognizing the existence of retaliatory hostile work environment claims under Title VII for the first time in the U.S. Court of Appeals for the Eleventh Circuit and acknowledging that every other Federal circuit court already had recognized such claims); *Floyd v. Lee*, 85 F. Supp. 3d 482 (D.D.C. 2015) (acknowledging the availability of a retaliatory hostile work environment claim under the Americans with Disabilities Act).  Because many of the considerations underpinning the recognition of a hostile work environment claim under 5 U.S.C. § 4311(a), *see Petersen*, 71 M.S.P.R. at 235-39, similarly exist for section 4311(b), we conclude that it is appropriate to permit hostile work environment claims under both USERRA's anti-discrimination and anti-retaliation statutes.  Furthermore, the Federal Circuit in this matter at least implicitly concluded that a hostile work environment claim was cognizable under 38 U.S.C. § 4311(b), as reflected in its remand of that claim to the Board for adjudication here.  *Kitlinski*, 857 F.3d at 1382.

¶13    Having found that a hostile work environment claim is available under 38 U.S.C. § 4311(b), we consider the appropriate standard for addressing such a claim.  In determining what standard to apply to hostile work environment claims arising under USERRA's anti-discrimination provision, the Board recognized that courts that have considered this issue have looked to the elements of a hostile work environment claim under Title VII.  *Kitlinski*, 123 M.S.P.R. 41, ¶ 18; *see Montoya v. Orange County Sheriff's Department*, 987 F. Supp. 2d 981, 1012-15 (C.D. Cal. 2013).  Applying those standards, the courts have held that, to establish such a claim, an employee must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment,"

"prov[ing] that his workplace was both objectively and subjectively offensive" and that "any harassment took place on account of his protected status as a military member." *Kitlinski*, 123 M.S.P.R. 41, ¶ 18 (quoting *Montoya*, 987 F. Supp. 2d at 1016-17, and citing *Hanson v. County of Kitsap*, 21 F. Supp. 3d 1124, 1146-47 (W.D. Wash. 2014)).

¶14    We similarly find here that Title VII provides a useful analog for establishing the elements of a USERRA hostile work environment claim under 38 U.S.C. § 4311(b). *See Kitlinski*, 123 M.S.P.R. 41, ¶ 19. Accordingly, we hold that, to establish the Board's jurisdiction over a hostile work environment claim arising under USERRA's anti-retaliation provision, an appellant must nonfrivolously allege that he was subjected to a pattern of ongoing and persistent harassing behavior that was sufficiently severe or pervasive to amount to an "adverse employment action" or "discriminat[ion] in employment." *See* 38 U.S.C. § 4311(b); *Montoya*, 987 F. Supp. 2d at 1017; *Kitlinski*, 123 M.S.P.R. 41, ¶ 19. An appellant also must nonfrivolously allege that his protected activity was a motivating factor in the alleged acts of hostility to bring the challenged conduct within the scope of USERRA's anti-retaliation provision. *See* 38 U.S.C. § 4311(c)(2) (stating that an employer violates section 4311(b) when an individual's protected activity is a "motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right"); *see also Hayden*, 812 F.3d at 1363 (setting forth the standard for establishing jurisdiction over a USERRA retaliation claim). In considering whether an appellant has nonfrivolously alleged that he was subjected to a hostile work environment based on his protected activity under USERRA, we apply the Board's liberal approach to determining jurisdiction in a USERRA appeal, under which the relative weakness of an appellant's allegations concerning the seriousness of the alleged acts should not serve as a basis for

jurisdictional dismissal. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010).

¶15     As the Federal Circuit found in this case, 38 U.S.C. § 4311(b) "is limited to barring acts of discrimination in employment and adverse employment actions." *Kitlinski*, 857 F.3d at 1381.  The appellant's retaliatory hostile work environment claim is grounded in two agency actions—the alleged planting of the Blackberry device in his vehicle and the OPR investigators summoning him to an interview. IAF, Tab 12 at 12-13.  However, the Federal Circuit in its remand decision already concluded that these two actions did not constitute "adverse employment actions" or "discrimination in employment," as they did not deny the appellant "a benefit that inures to him by virtue of his employment with the agency." *Kitlinski*, 857 F.3d at 1382.  Concerning the interview, the court's finding was at least in part due to the fact that, at the time of the investigation in question, the appellant had been on long-term leave from his employing agency and was serving with the Coast Guard.  *Id.*  Aggregating these two events in an effort to establish a hostile work environment claim under 38 U.S.C. § 4311(b) is unavailing—the two actions still had no bearing on the appellant's employment. Thus, we find that the appellant has not made a nonfrivolous allegation that the agency discriminated in employment or took an adverse employment action against him, as required to establish jurisdiction over his retaliatory hostile work environment claim.

## ORDER

¶16     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.