# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOE ALLEN,

        Appellant,

    v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
DC-4324-16-0698-I-1

DATE: July 20, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Brian J. Lawler, Esquire, San Diego, California, for the appellant.

Adrianne Michelle Mittelstaedt, Norfolk, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal as moot. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant is employed by the agency as a Firefighter and performs military service as a member of the U.S. Coast Guard Reserve.  Initial Appeal File (IAF), Tab 1 at 3, Tab 5 at 67.  According to the appellant, he typically works a 24-hour shift from 7 a.m. to 7 a.m. and performs Coast Guard Reserve duty at a location about a 1-hour drive away from his work location.  IAF, Tab 8 at 7.  In June 2016, he filed an appeal with the Board alleging that the agency violated his rights under USERRA and subjected him to a hostile work environment on the basis of his membership in the uniformed services by repeatedly engaging in the following conduct:  demanding that he provide military orders before and after performing his service obligations to justify his military leave for periods of less than 31 days; calling or demanding to speak with his reserve command to verify the timing and purpose of his military leave absences; ordering him to report to work during a regularly scheduled shift on the same day he completed his military service obligations; requiring him to take annual or sick leave for absences due to his military service; requiring him to "request" permission for military leave by completing leave forms; denying his request for military leave or other leave without pay (LWOP) to perform his military service obligations; and harassing him about his military service obligations.  IAF, Tab 1 at 7-8, Tab 8 at 5-7.

¶3      The administrative judge held two status conferences to clarify the issues, identify the relevant legal standards, and discuss settlement.  IAF, Tabs 7, 10.  In an order and summary of the second status conference, she set forth and interpreted the pertinent statutory and regulatory provisions, noting that, pursuant to the plain language of those provisions, several of the alleged agency actions would be impermissible.  IAF, Tab 10.  Thereafter, on September 16, 2016, the

agency filed a "Notice of Compliance," in which it outlined the following corrective actions that it had taken or directed in order to resolve the appellant's concerns and to make him whole: (1) terminated an administrative investigation regarding the appellant; (2) directed that, upon his return from military service, he would not be expected to report back to work until the beginning of his next full shift; (3) directed that, if he was scheduled to work on the day before his period of military service, he would be expected to work only a half shift; (4) directed that he would not be required to provide his military orders before or after he performed military service; (5) directed that any periods of absence without leave related to the USERRA issues in this appeal would be converted to LWOP unless he wished to elect another appropriate form of paid leave; (6) directed that he may elect to convert to LWOP any period of annual leave or compensatory time previously taken to cover a period of military service; (7) directed that, while leave submission and approval procedures remained in effect, the leave approval authority would engage the appellant prior to taking any action to not fully approve a military service-related leave form he submitted; and (8) directed that USERRA rights posters be posted on the bulletin board of every firehouse in the Fire District in which the appellant was employed. IAF, Tab 5 at 59, Tab 11 at 4-7. On October 14, 2016, the agency moved to dismiss the appeal as moot, certifying that it had completed all of the actions identified in its Notice of Compliance and arguing that the appellant had now received all of the relief to which he would be entitled if he had prevailed in his USERRA appeal. IAF, Tab 12.

¶4    The appellant moved for entry of a consent decree declaring him to be a prevailing party, which the agency opposed as untimely filed, not in accordance with law, and superfluous in light of the agency's Notice of Compliance. IAF, Tabs 14, 16. The appellant also responded in opposition to the agency's motion to dismiss, arguing that the agency had not provided him all of the relief to which he would be entitled if he were to prevail on the merits. IAF, Tab 15. Among

other things, he argued that his harassment and hostile work environment claims were still live. *Id.* at 6.

¶5 The administrative judge issued an initial decision dismissing the appeal as moot. IAF, Tab 18, Initial Decision (ID). She found that the agency had provided the appellant with all of the relief that he could have received had he prevailed on the merits. ID at 5-6. The appellant has filed a petition for review, arguing that the administrative judge erred in dismissing his appeal as moot and in denying his request for a consent decree. Petition for Review (PFR) File, Tab 1 at 5-6.[2] The agency has filed a response. PFR File, Tab 4.

## ANALYSIS

### The administrative judge acted within her authority by discussing the law and narrowing the issues in a status conference.

¶6 The appellant argues the administrative judge abused her discretion by issuing the September 16, 2016 order and summary of status conference, which "prematurely and improperly indicated how she would rule on the case," thereby allowing the agency an opportunity to "cut Appellant off from his rights and further cut Appellant's counsel off from the attorneys' fees to which he is legally and rightfully entitled." PFR File, Tab 1 at 6, 9. As noted above, the September 16, 2016 order and summary set forth and interpreted the applicable law and stated that certain alleged agency actions were improper pursuant to the plain language of the relevant statutes and regulations. IAF, Tab 10.

---

[2] A petition for review of the initial decision was due no later than December 9, 2016. ID at 7. The appellant, through counsel, filed his petition for review on December 10, 2016, at 2:37 a.m. Eastern Standard Time. PFR File, Tab 1. He moved that the Board accept the petition for review as timely filed pursuant to 5 C.F.R. § 1201.14(m), which provides that the timeliness of a pleading will be determined based on the time zone from which the pleading was submitted. PFR File, Tab 1 at 4, Tab 3. Because the record reflects that the appellant's counsel is located in California, we accept the appellant's petition for review as timely filed at 11:37 p.m. Pacific Standard Time on December 9, 2016. *See* 5 C.F.R. § 1201.14(m); PFR File, Tab 1.

¶7    An administrative judge has broad discretion to control the proceedings before her and is, among other things, authorized to conduct a prehearing conference "for the settlement and simplification of issues," in order to identify, narrow, and define the issues.   5 C.F.R. § 1201.41(b)(12); Merit Systems Protection Board Judges' Handbook, Chapter 9, Prehearing and Status Conferences.  The Board has likened the administrative judge's authority to hold prehearing conferences to Federal Rule of Civil Procedure 16, which, among other things, allows pretrial conferences to be used for "formulating and simplifying the issues, and eliminating frivolous claims or defenses." *Marr v. U.S. Postal Service*, 49 M.S.P.R. 196, 200 (1991); Fed. R. Civ. P. 16(c)(2)(A).

¶8    In this case, we find that the administrative judge did not abuse her discretion by discussing the plain meaning of relevant statutory and regulatory provisions in the status conference and the order and summary memorializing the status conference.  We find that she acted appropriately within her authority to narrow and refine the issues on appeal.  *See* 5 C.F.R. § 1201.41(b).

The appellant is not entitled to a consent decree.

¶9    The appellant also argues on review, as he did below, that he is entitled to a consent decree declaring him to be the prevailing party in this appeal because, in effect, the parties entered into a "judicially sanctioned settlement" and because the status conference and the order and summary memorializing it were the "judicial imprimatur" that led the agency to comply with its obligations under USERRA.  PFR File, Tab 1 at 8-9.  In the initial decision, the administrative judge noted that, although the appellant requested a consent decree, he failed to identify any basis for the Board to issue such a decree.  ID at 4.  On review, the appellant argues that the administrative judge erred by improperly placing the burden on him to explain how she could issue a consent decree.  PFR File, Tab 1 at 9.

¶10    A consent decree is a final judgment resulting from an agreement between the parties that "the parties desire and expect will be reflected in, and be

enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992); *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971) (stating that"[c]onsent decrees are entered into by parties to a case after careful negotiation has produced an agreement on their precise terms"); Black's Law Dictionary 441 (10th ed. 2014) (defining "consent decree" as "[a] court decree that all parties agree to"). Although the Board's regulations do not provide for the entry of a "consent decree," the Board may enter a settlement agreement into the record and will retain jurisdiction for enforcement purposes. *See* 5 C.F.R. § 1201.182(a). In some cases, an appellant who obtains enforceable relief through a settlement agreement that is entered into the record for purposes of enforcement by the Board may be considered a prevailing party for purposes of an award of attorney fees. *See Griffith v. Department of Agriculture*, 96 M.S.P.R. 251, ¶ 10 (2004).

¶11        Here, however, there is no indication that the parties entered into a settlement agreement. Settlement agreements are contracts and are governed by contract law. *See Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). "[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17(1) (1981). Despite what one party might believe as to the existence of a contract, one party's unilateral promise to provide a benefit to another party does not create a contract. *See, e.g.*, *Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 18 (2011); *Thompson v. Department of the Treasury*, 100 M.S.P.R. 545, ¶ 9 (2005). Accordingly, the agency's unilateral promise to change its conduct during the pendency of the appeal and voluntary correction of its potential USERRA violations did not create a settlement agreement, and there is no merit to the appellant's contention that the parties entered into a "judicially sanctioned settlement agreement." Moreover, the fact that the agency may have voluntarily provided the corrective action that the

appellant was seeking through litigation does not establish that he is a prevailing party. *See Buckhannon Board and Care Home*, *Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory," whereby a party could be found to have prevailed on the basis of the opposing party's voluntary change of conduct after the filing of a lawsuit).

The appeal is not moot and must be remanded for adjudication of the appellant's hostile work environment claim.

¶12 An appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief he could have obtained had he prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal. *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 12 (2013). An appellant who has prevailed in a USERRA claim is entitled to "an order requiring the agency . . . to comply with" the violated USERRA provisions and "to compensat[ion] . . . for any loss of wages or benefits suffered by such person by reason of such lack of compliance." 38 U.S.C. § 4324(c)(2); *Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 8 (2007).

¶13 Although we agree with the administrative judge that the agency has provided the appellant much of the relief that he sought in this appeal, we also agree with the appellant that he could potentially receive further relief in connection with his hostile work environment claim. Specifically, if the appellant were to prove his claim of a hostile work environment based on his uniformed service, the Board could order the agency to cease its harassment, in compliance with 38 U.S.C § 4311(a). *See* 38 U.S.C. § 4324(c)(2). We observe that the appellant's hostile work environment claim is grounded not only in the matters already resolved pursuant to the Notice of Compliance, but also includes alleged chiding and derogatory comments directed by agency officials toward him and his military service obligations. IAF, Tab 1 at 6. Nowhere has the agency admitted

that any of its employees engaged in such conduct toward the appellant or promised to remedy the situation going forward. Therefore, even assuming that the agency could have unilaterally provided full relief for the appellant's hostile work environment claim, it did not do so.

¶14 On petition for review, the agency argues that the appellant failed to establish jurisdiction over his hostile work environment claim because his allegations were not sufficiently specific and were not supported by an affidavit or other evidence. PFR File, Tab 4 at 16-17. The Board has held that, to establish jurisdiction over a hostile work environment claim under USERRA, an appellant must nonfrivolously allege that he was subjected to a pattern of ongoing and persistent harassing behavior that was sufficiently severe or pervasive to amount to an adverse employment action or discrimination in employment on account of his uniformed service. *Kitlinski v. Department of Justice*, 2023 MSPB 13, ¶ 14.[3] In considering whether an appellant has nonfrivolously alleged that he was subjected to a hostile work environment, the Board will take a liberal approach, under which the relative weakness of the appellant's allegations concerning the seriousness of the alleged acts will not serve as a basis for jurisdictional dismissal. *See id.*

¶15 In this case, we find that the appellant's allegations of a hostile work environment were sufficiently specific to satisfy the USERRA pleading requirement. "The weakness of the assertions in support of a claim is not a basis to dismiss the USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits." *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 7 (2010). On remand, the appellant will have the opportunity to further develop the record on

_____

[3] *Kitlinski* concerned an alleged hostile work environment in violation of USERRA's anti-retaliation provision at 38 U.S.C. § 4311(b). 2023 MSPB 13, ¶ 14. Apart from the motive for creating the hostile work environment (discrimination versus retaliation), we find it appropriate to apply the same standard for a hostile work environment claim arising from USERRA's antidiscrimination provision at 38 U.S.C. § 4311(a).

the merits of his hostile work environment claim, through both documentary evidence and hearing testimony.

## ORDER

¶16    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                      /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.