# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAWANA COOKE, | DOCKET NUMBER |
| Appellant, | DC-0752-22-0282-I-2 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: January 16, 2026 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Quinton N. Robinson, Esquire, Washington, D.C., for the appellant.

Greg Allan Ribreau, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. On petition for review, the appellant argues that the administrative judge erred in finding that the agency proved the three charges of misconduct; the removal penalty is excessive; and the administrative judge erred in denying her affirmative defenses alleging a due process violation, reprisal for protected activity under the Uniformed Services Employment and Reemployment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), and reprisal for her prior equal employment opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's due process claim and to clarify the administrative judge's findings on the appellant's USERRA reprisal claim, we AFFIRM the initial decision.

Regarding her due process affirmative defense, the appellant argued below that the deciding official improperly considered ex parte information in reaching the removal decision. As relevant background, the appellant's nephew, T.C., was formerly employed at a different Post Office, and he filed a Board appeal alleging that the agency violated his rights under USERRA. *Cooke v. U.S. Postal Service*, MSPB Docket No. DC-4324-20-0747-I-2, Initial Decision at 1, 35 (Nov. 17, 2021). The misconduct at issue in the appellant's removal arose in the context of her attempts to assist her nephew with his appeal. *Cooke v. U.S. Postal Service*, MSPB Docket No. DC-0752-22-0282-I-2, Appeal File (I-2 AF), Tab 6 at 21-25; *Cooke v. U.S. Postal Service*, MSPB Docket No. DC-0752-22-0282-I-1, Initial Appeal File (IAF), Tab 22 at 11-15.

The appellant argued below, and reasserts on review, that the deciding official in her appeal improperly considered the initial decision issued by another administrative judge denying corrective action in T.C.'s appeal. *Cooke v. U.S. Postal Service*, MSPB Docket No. DC-0752-22-0282-I-2, Petition for Review (PFR) File, Tab 2 at 5, 8-9; IAF, Tab 18 at 30-31. Specifically, the appellant cites hearing testimony from the deciding official purporting to acknowledge that the outcome of T.C.'s USERRA Board appeal influenced her decision to remove the appellant, and the appellant appears to argue that her consideration of this information constituted a due process violation. PFR File, Tab 2 at 5 (citing I-2 AF, February 7, 2023 Hearing Transcript at 21, 92 (testimony of the deciding official)). We are not persuaded.

The administrative judge considered a number of the appellant's other arguments alleging that the deciding official relied on ex parte communications in deciding to remove her and dismissed those arguments as "conclusory theories that come nowhere close to meeting [the appellant's] burden of proof." I-2 AF, Tab 42, Initial Decision (ID) at 34-35; IAF, Tab 18 at 30-31. However, the administrative judge did not directly address the argument we have identified here in the initial decision. Accordingly, we modify the initial decision to do so.

A deciding official violates an employee's due process rights when she relies on new and material ex parte information, i.e., information not mentioned in the proposal notice, as a basis for her decision without first providing an employee with notice and an opportunity to respond. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999); *Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶ 12 (citing *Ward* and *Stone*). An agency may cure a potential due process violation based on ex parte information by providing the appellant with notice of the information and an opportunity to respond to the deciding official about it. *Bryant*, 2024 MSPB 16, ¶ 22 n.6 The record reflects that the deciding official wrote to the appellant on December 7, 2021, informing her that the

deciding official was supplementing the record to include the November 17, 2021 Initial Decision in T.C.'s USERRA appeal, and she provided the appellant with a copy of the decision. IAF, Tab 8 at 29. This supplement was issued before the appellant provided her oral response to the proposal and before the removal decision was issued. IAF, Tab 8 at 13, Tab 26 at 6-15. Because any potential ex parte error was cured by the deciding official, we find that the appellant has failed to prove her due process claim.

In appealing her removal, the appellant raised affirmative defenses under USERRA that the agency harassed and retaliated against her for assisting T.C. with his USERRA claim. IAF, Tab 18 at 15-21. She reargues on review that each of the three sustained charges were based on her actions directed at assisting T.C. with his Board appeal and consequently, the administrative judge erred by concluding that her USERRA activity was not a motivating or substantial factor in the agency's removal decision. PFR File, Tab 2 at 13-16, Tab 5 at 8-17.

USERRA's anti-retaliation provision prohibits taking an adverse action against, or harassing, an employee because she has been involved in protecting rights under USERRA by, for example, "tak[ing] an action" to enforce USERRA rights and "assist[ing] or otherwise participat[ing] in an investigation under [USERRA]." 38 U.S.C. § 4311(b); *see Kitlinski v. Department of Justice*, 2023 MSPB 13, ¶¶ 10-11 (permitting hostile work environment claims under USERRA). To pursue such a claim, an appellant "must first establish that [her] protected actions were a motivating factor in the employer's adverse action." *Hayden v. Department of the Air Force*, 812 F.3d 1351, 1363 (Fed. Cir. 2016) (citing *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (setting forth this standard in the context of a USERRA discrimination claim)). If the employee makes the requisite showing, "the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason." *Sheehan*, 240 F.3d at 1013; *see Hayden*, 812 F.3d at 1363.

In assessing this argument below, the administrative judge apprised the appellant of the correct standard for USERRA retaliation and harassment claims. ID at 27-28. He also summarized the appellant's argument as alleging that 38 U.S.C. § 4311(b) insulated her from discipline for any of the actions she took in assisting T.C. with his Board appeal. ID at 28. The administrative judge rejected this argument, noting that in other contexts the Board has held that an employee's otherwise actionable conduct is not shielded merely because it concerned opposition to discrimination. *Id.* We agree.

Certain intemperate employee comments that would otherwise support disciplinary action will not support disciplinary action if made in certain emotional, confrontational contexts, such as the grievance process or the EEO counseling process. *Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 11 (2011). When misconduct arises in the context of a protected process, the Board will balance the purpose of the statutory provisions affording protection from discrimination against Congress's equally manifest desire not to tie the hands of employers in the objective control of personnel. *Bonanova v. Department of Education*, 49 M.S.P.R. 294, 299-300 (1991).

Applying this approach, the administrative judge acknowledged the importance of T.C.'s rights under USERRA but concluded that those rights did not trump the agency's compelling interest in preventing the dissemination of confidential, sensitive, and sensitive-enhanced information (charge 1), or its need to prevent agency managers from entering into conflicts of interest and acting in a manner adverse to the agency's litigation position (charge 2). ID at 29. He also highlighted that the manner in which the appellant assisted T.C. with his USERRA appeal was largely what gave rise to the sustained specifications of charges 1 and 2, noting that the appellant's efforts to disseminate information and to assist T.C. in his Board appeal and to subsequently conceal her role in providing that assistance served as the basis for the charges, and that the appellant likely could have avoided the charges of misconduct altogether if she had instead assisted T.C. by directly

bringing his USERRA issues to the attention of human resources officials, her supervisory chain, or agency legal representatives, without violating the agency's polices in doing so. ID at 29-30. Consequently, he concluded that the appellant failed to meet her burden of proving that the assistance she provided to T.C. in pursuing his USERRA appeal was a "substantial or motivating factor" in the agency's removal decision and denied the affirmative defense. ID at 27-31.

We find no error in the administrative judge's findings on these points. Regarding the appellant's apparent argument on review that she also cannot be charged with the misconduct specified in charge 3 (lack of candor) based on the assistance she provided to T.C. with his USERRA appeal, the administrative judge's findings regarding charges 1 and 2 apply with even greater force to charge 3. There can be little doubt that the agency's interest in its employees providing accurate and complete responses during an investigatory interview significantly outweighed the appellant's interest in assisting T.C. with his USERRA appeal. *See Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000) (noting that an employee's lack of candor strikes at the very heart of the employer-employee relationship), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002). This is particularly the case when, as here, the statements lacking candor had no relation to the assistance the appellant provided to T.C. in his Board appeal; the specifications of the lack of candor charges concerned the appellant's *denial* that she provided assistance to T.C. with his case, not any actions she took in providing the assistance itself.[2]

---

[2] As an alternative to his finding that the appellant failed to meet her burden of proving that her assistance was a substantial or motivating factor in the agency's removal decision, the administrative judge found that even if the appellant met her initial burden, the agency nevertheless proved that it would have removed the appellant absent her protected activity, noting that none of the charged misconduct stemmed from the appellant's purported protected activity. ID at 31. Because we agree with the administrative judge's conclusion that the appellant failed to meet her initial burden, we need not reach this alternative finding.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-

appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.