UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RANDY ORAN CARTER, Appellant, | DOCKET NUMBER AT-315I-23-0635-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: August 22, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Randy Oran Carter, Ridgeland, South Carolina, pro se.

John Errett Buis, Beaufort, South Carolina, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2       On February 27, 2023, the agency appointed the appellant to the competitive-service position of GS-11 Supervisory Career Resource Manager, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 6 at 10. Effective July 19, 2023, the agency terminated his employment because of "conduct unbecoming a Supervisory Federal Employee." *Id.* at 13-16. On August 8, 2023, the appellant filed a Board appeal challenging his termination. IAF, Tab 1 at 7, 12, 453.

¶3       The administrative judge issued an acknowledgment order, which notified the appellant that the Board may not have jurisdiction over his appeal unless he made a nonfrivolous allegation that the agency terminated him based on partisan political reasons or marital status. IAF, Tab 2 at 4-5. She provided the parties with an opportunity to present evidence and argument regarding jurisdiction. *Id.* at 5. In the appellant's response, he alleged that he was terminated due to his "marital status and conservative political views[, which] run counterintuitive [sic] to [his director's] single life and liberal political views." IAF, Tab 5 at 2. The agency responded to the acknowledgment order by arguing that the appeal should be dismissed for lack of jurisdiction. IAF, Tab 6 at 4-8.

¶4       On November 27, 2023, the administrative judge issued an order observing that the appellant might be raising a claim of reprisal for protected whistleblowing disclosures or activity. IAF, Tab 8 at 1. She set forth the appellant's burden of establishing jurisdiction over an individual right of action (IRA) appeal and provided him with an opportunity to present evidence and argument establishing IRA jurisdiction. *Id.* at 2. The administrative judge served the order on the parties electronically, as both parties had registered as e-filers at the time the order was issued. *Id.* at 4. The appellant did not file a response to the November 27, 2023 order.

¶5       On January 9, 2024, the administrative judge issued an initial decision, which dismissed the appeal for lack of Board jurisdiction. IAF, Tab 9, Initial

Decision (ID) at 2, 6. She reasoned that the parties did not dispute that the appellant lacked chapter 75 adverse action appeal rights. ID at 3-4. She further found that the appellant failed to make a nonfrivolous allegation that his probationary termination was based on partisan political reasons or marital status. ID at 4-6. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. ID at 1; IAF, Tab 1 at 2.

¶6    The administrative judge observed in the initial decision that the appellant had not responded to her order regarding whistleblower reprisal; however, she did not make any findings regarding this claim. ID at 6 n.2. She also indicated that the appellant alleged that he was terminated in reprisal for asserting another employee's rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) and advised him that he could file a separate USERRA appeal. *Id.*

¶7    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1 at 14. He reasserts claims of reprisal for whistleblowing and for defending another employee's USERRA rights. *Id.* at 10-12. He also argues that he experienced technical issues in accessing the judge's order in the Board's e-Appeal system, for which he sought technical assistance, and that his inability to access e-Appeal prevented him from responding to the administrative judge's November 27, 2023 order regarding whistleblower reprisal. *Id.* at 5-6. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The issue before us is whether we have jurisdiction over this appeal. The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Weyman v. Department of Justice*, 58 M.S.P.R. 509, 512 (1993). Rather, the Board only has the jurisdiction that pertinent statutes and regulations provide it. *Id.*

¶9 An appellant has the burden of proving Board jurisdiction. 5 C.F.R. §§ 1201.56(b)(2)(i)(A), .57(b)-(c)(1). He must receive explicit information on what is required to do so. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). If an administrative judge has not advised an appellant of his burden of establishing jurisdiction, the appeal generally must be remanded to allow the parties to submit evidence and argument regarding the jurisdictional issue. *Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 8 (2006). Nevertheless, an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the agency's pleadings contain the notice that was lacking in the administrative judge's orders or if the initial decision itself puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden in the petition for review. *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007).

¶10 Here, the administrative judge did not advise the appellant of how to establish jurisdiction over his termination under chapter 75 in either of her two jurisdictional orders. IAF, Tab 2 at 4-5, Tab 8 at 2. However, her error was cured by the initial decision, in which she provided the definition of a competitive service appointee with the right to appeal his removal to the Board under chapter 75. ID at 3. An individual in the competitive service who, like the appellant, is serving an initial probationary period and has not completed 1 year of current continuous service has no right to appeal to the Board under chapter 75. 5 U.S.C.

§§ 7511(a)(1)(A), 7512(1), 7513(d); *Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6, ¶ 16.  On review, the parties do not dispute the administrative judge's findings that the appellant was a competitive service appointee subject to the completion of a 1-year probationary period and that he was terminated before his 1-year anniversary.  ID at 3-4; IAF, Tab 1 at 2-3, Tab 6 at 10, 16.  Therefore, we discern no basis to disturb the administrative judge's finding that the Board lacks chapter 75 jurisdiction over the appellant's termination.

¶11      Under certain limited circumstances, a probationary competitive service appointee who is terminated during the first year of his initial probationary period may have a regulatory right of appeal under 5 C.F.R. § 315.806.[2]  *Starkey*, 2024 MSPB 6, ¶ 16.  As relevant here, he "may appeal . . . a termination not required by statute which he . . . alleges was based on partisan political reasons or marital status."  *Id.* (quoting 5 C.F.R. § 315.806(b)).  To establish Board jurisdiction under this provision, the appellant must prove by preponderant evidence that his termination was, in fact, based on partisan political reasons or marital status.  *Id.*  An appellant has the right to a hearing on the jurisdictional issue only if he first makes a nonfrivolous allegation of jurisdiction, i.e., allegations of fact that, if proven, would establish that his termination was based on partisan political reasons or marital status.  *Id.*, ¶ 16 n.4.  On review, the parties do not disagree with the administrative judge that the appellant's factual allegations that his manager's expressed views in favor of diversity and Pride Month, her divorced status and alleged feelings about her divorce, and the fact

---

[2]  In her acknowledgment order, the administrative judge mistakenly cited 5 C.F.R. § 315.908 as the basis of the Board's jurisdiction over this type of claim.  IAF, Tab 2 at 4.  Section 315.908 concerns the Board's jurisdiction over the return of a previously promoted competitive service employee to his prior position for failure to satisfactorily complete a supervisory probationary period.  *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 7 (2012).  That provision does not apply here.  To the extent that the administrative judge's citation to the incorrect regulation may have caused the parties confusion below, any such confusion was cured by the initial decision, which correctly cited to 5 C.F.R. § 315.806.  ID at 4.

that the appellant was married and had more "conservative views" were insufficient to raise a nonfrivolous allegation of discrimination based on marital status or partisan politics in violation of 5 C.F.R. § 315.806(b). ID at 4-6. We discern no error in these findings.[3]

¶12  We turn next to the appellant's claim of whistleblower reprisal. A probationary termination is a personnel action over which the Board may have IRA jurisdiction. *See* 5 U.S.C. § 2302(a)(2)(A)(iii) (defining "personnel action" for purposes of an IRA appeal as including a "disciplinary or corrective action"); *Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 15 (2006) (finding that a probationary termination constitutes a personnel action under the Whistleblower Protection Act). The appellant realleges on review that his termination was retaliation for, among other matters, refusing the agency's unlawful order that he and the other two members of a selection panel interview unqualified candidates after they had already chosen a candidate for the vacancy in question. PFR File, Tab 1 at 11; IAF, Tab 1 at 16-17, 30.

¶13  Although he had already created an account in the Board's e-Appeal system when the administrative judge issued her November 27, 2023 order regarding whistleblower reprisal, and the order was served electronically on the parties, the appellant was unable to access e-Appeal at that time.[4] IAF, Tab 8; *see also* 5 C.F.R. § 1201.14(e)(2) (providing that a party who registers as an e-filer

---

[3] On review, the appellant reraises claims under Title VII of race discrimination and retaliation for protected activity and realleges that the agency made harmful errors or violated his right to due process in connection with his termination. PFR File, Tab 1 at 2-4, 6-12; IAF, Tab 1 at 15-16, 30, 33, 35-36, Tab 7 at 4-7. We discern no error in the administrative judge's determination that the Board lacks jurisdiction over such claims because the appellant did not establish jurisdiction over an otherwise appealable action. ID at 6; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices, including discrimination claims); *Moore v. Department of State*, 15 M.S.P.R. 488, 489-90 (1983) (stating that neither an allegation of a prohibited personnel practice nor a violation of constitutional rights standing alone will confer jurisdiction in the absence of an otherwise appealable action), *aff'd*, 765 F.2d 159 (Fed. Cir. 1985) (Table). Therefore, we have not addressed these claims further.

consents to accept electronic service of pleadings filed by other e-filers and documents issued by the Board). After the administrative judge issued her initial decision, the appellant gained access to his e-Appeal account, and therefore could have responded to the order on review. However, he has not done so. Nonetheless, given his difficulty with the e-Appeal system, his pro se status, and the fact that the administrative judge did not make a determination as to whether the appellant met his jurisdictional burden, the appellant may be confused regarding his obligation to establish jurisdiction over his whistleblower reprisal claim. ID at 6 n.2.

¶14 Further, the administrative judge's order regarding the Board's IRA jurisdiction was incomplete. A Board order should be "reasonably calculated to apprise [an appellant] of what was required" to establish jurisdiction. *See Burgess*, 758 F.2d at 643-44 (concluding that a Board's order was not "reasonably calculated to apprise [the petitioner] of what was required to obtain a hearing" on the issue of jurisdiction over his alleged involuntary resignation); *King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 10 (2007) (observing that jurisdiction in an IRA appeal is determined based on the written record). She correctly stated that the Board has jurisdiction if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a)(2)(A). IAF, Tab 8 at 2. This statement of law is correct. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). However, the administrative judge did not explain, for example, how the appellant could prove exhaustion or define what constitutes

---

[4] We find that the appellant exercised due diligence in seeking technical support from the Board for the period he was unable to access his e-Appeal account and view the administrative judge's order. PFR, Tab 1 at 5-6.

a protected disclosure or activity. *E.g.*, *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 14 (defining what constitutes a protected disclosure for purposes of an IRA appeal); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11 & n.7 (discussing the types of submissions that might be sufficient to prove exhaustion by preponderant evidence). On remand, the administrative judge should provide explicit information to the parties regarding how the appellant may establish jurisdiction over an IRA appeal.

¶15    Finally, we turn to the appellant's claim that the agency violated USERRA. The appellant invoked USERRA below, and again cites the statute on review. IAF, Tab 1 at 39, Tab 5 at 3, Tab 7 at 6; PFR File, Tab 1 at 11. He alleges that he was retaliated against for asserting another employee's USERRA rights. PFR File, Tab 1 at 10-12. Individuals like the appellant who have not completed 1 year of current continuous service in the same or similar positions qualify as "persons" under USERRA, and thus are not excluded from filing appeals under the provisions of that statute. *Henderson v. U.S. Postal Service*, 95 M.S.P.R. 454, ¶ 6 (2004). An administrative judge may dismiss a USERRA appeal only if the appellant was placed on specific notice of what he needed to show or allege to establish Board jurisdiction over his USERRA claim, and he failed to make the requisite showing or allegations. *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 5 (2005) (citing, along with another case, *Burgess*, 758 F.2d at 643-44). Here, the administrative judge never advised the appellant of what he must do to establish jurisdiction over a USERRA claim. Instead, she stated in the initial decision that the appellant could file a separate USERRA appeal if he wished. ID at 6 n.2. Because the appellant was never apprised of his rights and burdens under USERRA, remand is appropriate. *Walker v. Department of Health and Human Services*, 99 M.S.P.R. 367, ¶ 10 (2005).

¶16    To establish jurisdiction over a USERRA retaliation claim, an appellant must make nonfrivolous allegations that (1) he engaged in activity protected under 38 U.S.C. § 4311(b), (2) the agency discriminated in employment or took

an adverse employment action against him, and (3) his protected activity was a motivating factor in the agency's action. *Kitlinski v. Department of Justice*, 2023 MSPB 13, ¶ 8. The appellant alleged that while at the agency, at least two different supervisors ordered him to violate USERRA. Specifically, he alleged that they told him to "deny" a subordinate's military orders because she "volunteered" for her military service and her "team was 'short staffed,'" which he argues was illegal. IAF, Tab 1 at 39 (emphasis omitted). Although not entirely clear, he suggested that the agency took adverse employment actions against him as a result. IAF, Tab 1 at 30, 39, Tab 7 at 5-6; PFR File, Tab 1 at 11-12. On remand, the administrative judge should advise the parties regarding how to establish jurisdiction over a USERRA claim and provide them with an opportunity to respond.

¶17    The appellant requests that the Board compel the agency to respond to his discovery requests. PFR File, Tab 1 at 2, 4, 6, 13. Because he did not exercise due diligence by filing a motion to compel during the proceedings below, we deny his request. IAF, Tab 2 at 6-7; *see Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 12 (2015) (declining to grant review based on an appellant's assertion that the agency did not respond to his interrogatories when the administrative judge advised the appellant of Board's regulations regarding discovery and the appellant did not file a motion to compel below). The appellant also contends that the administrative judge did not read and consider his entire initial appeal because she "fail[ed] to address the Appellant's documented concerns in her Initial Decision." PFR File, Tab 1 at 2. However, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, as discussed in this order, the appellant will have an opportunity on remand to address the relevant jurisdictional issues. In doing so, he may refer to evidence that is already in the

record as well as submit new evidence. In addition, despite our ruling above and given that the appellant did not receive adequate notice below as to his jurisdictional burdens, the appellant may seek to conduct discovery anew, including on the jurisdictional issues, at the administrative judge's discretion. *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (an appellant may request discovery of relevant materials to assist him in meeting his burden of establishing the Board's jurisdiction).

¶18        As set forth above, we remand this appeal for the administrative judge to provide the appellant with notice of how to establish jurisdiction over his claims of reprisal for whistleblowing and for asserting another employee's rights under USERRA. If the administrative judge determines that the appellant establishes jurisdiction over either or both claims on remand, he is entitled to his requested hearing on the merits. IAF, Tab 1 at 2, Tab 5 at 5; *see Salerno*, 123 M.S.P.R. 230, ¶ 5 (providing that once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim); *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012) (stating that once an appellant has established Board jurisdiction over his USERRA claim, he has an unconditional right to a hearing on the merits). After closing the record on remand, the administrative judge must issue a remand initial decision. Assuming that the parties present no additional evidence or argument on remand establishing jurisdiction over the appellant's termination under chapter 75 or 5 C.F.R. § 315.806, the administrative judge may incorporate into her remand initial decision her prior findings that the Board lacks jurisdiction under these provisions.

**ORDER**

¶19     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.