**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SEAN M. DONAHUE,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBERS<br>PH-3330-16-0342-B-2<br>PH-3330-16-0435-B-2<br><br><br>DATE:  February 19, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Christine Beam, Esquire, and Jillian Flatley, Esquire, Pittsburgh,
　Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) concerning a nonselection and dismissed for lack of jurisdiction his claims that the agency violated the Uniformed Services

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Employment and Reemployment Rights Act of 1994 (USERRA) as to this same and a second nonselection. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant served on active duty in the U.S. Army from 1987 to 1994. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-I-1 (0342 Appeal), Initial Appeal File (0342 IAF), Tab 11 at 25. He was honorably discharged at the end of his service. *Id.* He then pursued higher education. *Id.* at 24, 27-30. According to the appellant, in 2005, he obtained his most recent degree, a Master of Arts in statistics from Columbia University. *Id.* at 24, 27.

In May 2016, the agency posted a vacancy announcement for the position of GS-05/09 Budget Analyst Intern in Wilkes Barre, Pennsylvania. 0342 IAF, Tab 11 at 12. The announcement provided that only those who had received a post-secondary degree in the last 2 years were eligible for appointment. *Id.* at 12-14. This requirement was consistent with the Recent Graduates Program under which the agency made its announcement. *Id.* at 12; Exec. Order No. 13,562, § 4, 75 Fed. Reg. 82,585 (Dec. 27, 2010).[2] The Recent Graduates Program, in turn, fell under the presidentially created Pathways Programs. Exec. Order No. 13,562, § 2, 75 Fed. Reg. at 82,585. The appellant applied for the position. 0342 IAF, Tab 11 at 19-24. In June 2016, the agency notified the appellant that he did not meet the qualification requirements of the position because he had not graduated within the prior 2 years. 0342 IAF, Tab 4 at 3-6,

---

[2] The 2-year time period was extended for up to 6 years for individuals who had previously been unable to apply for work due to military service. IAF, Tab 11 at 14; Exec. Order No. 13,562, § 4(a), 75 Fed. Reg. 82,585. However, the appellant has not contended that he fell within that category.

Tab 5 at 3, Tab 11 at 33. The agency also notified the appellant that same month that the vacancy announcement was canceled and the position would be reposted. 0342 IAF, Tab 4 at 3, Tab 5 at 3, Tab 11 at 34.

In June 2016, the agency posted a vacancy announcement for the position of GS-07 Budget Analyst Intern in Wilkes Barre. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0435-I-1 (0435 Appeal), Initial Appeal File (0435 IAF), Tab 4 at 10-11. The agency again posted under the Recent Graduates Program and required a higher-education degree that had been completed within the prior 2 years. *Id.* at 11, 13. The appellant again applied for the position. *Id.* at 18-19, 22. Because the appellant had not obtained a degree within the last 2 years, the agency notified the appellant that he did not meet the qualification requirements in July 2016. *Id.* at 31, 57-58. For this second vacancy announcement, the agency identified a number of eligible candidates, and the selecting official chose a primary and two alternates, all of who were preference-eligible veterans. 0435 IAF, Tab 4 at 33-46, 48. The first two candidates did not accept the position, and the agency hired the third candidate, a 5-point preference eligible. *Id.* at 42, 48, 50, 52, 54-55.

After exhausting his administrative remedies with the Department of Labor (DOL), the appellant filed timely appeals of his nonselections. 0342 IAF, Tab 1; 0435 IAF, Tab 1. The two appeals were assigned to different administrative judges. 0342 IAF, Tab 1 at 9; 0435 IAF, Tab 2 at 9. Both administrative judges denied the appellant's requests for corrective action under VEOA. 0342 IAF, Tab 32, Initial Decision; 0435 IAF, Tab 15, Initial Decision. The appellant filed a petition for review in both appeals. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-I-1, Petition for Review File, Tabs 1-2; *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0435-I-1, Petition for Review File, Tab 1.

On review, the Board joined the appeals and issued a single remand order. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-

0435-I-1, Remand Order (RO), ¶¶ 13-20 (July 21, 2022). The Board affirmed the finding that the appellant was not entitled to corrective action under VEOA concerning his nonselection for the GS-05/09 Budget Analyst Intern vacancy. RO, ¶¶ 7-12. The Board remanded the now-joined appeals for the appellant to receive an opportunity to conduct discovery on his VEOA claim concerning his nonselection for the GS-07 vacancy. RO, ¶¶ 13-17. The Board also instructed the regional office to provide the appellant with notice of the standards applicable to USERRA appeals as to both vacancies and to address any such claims. RO, ¶¶ 18-20.

On remand, the cases were assigned to a single administrative judge. He issued a jurisdictional order on the requirements of USERRA in each appeal, to which the parties responded.[3] *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-B-1, Remand File (0342-B-1 RF), Tabs 2, 6-8; *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0435-B-1, Remand File (0435-B-1 RF), Tabs 2, 6-8. Subsequently, at the request of the parties, the administrative judge issued identical initial decisions in the two cases dismissing the appeals without prejudice to refiling to allow additional time to "complete discovery preparations." 0342-B-1 RF, Tab 14, Remand Initial Decision (B-1 RID) at 1-2; 0435-B-1 RF, Tab 14, Remand Initial Decision at 1-2. When the appeals were refiled, the appellant requested that they be stayed for 3 to 6 months so that he could "conduct[] research and investigation" into his claims. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-B-2, Remand File (0342-B-2 RF), Tab 1 at 7; *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0435-B-2, Remand File

---

[3] Although the administrative judge appears to have separately adjudicated the two appeals on remand, they remained joined, and he ultimately issued the identical remand initial decision in both cases as discussed below. In making our decision, we have considered all of the submissions under the separate docket numbers. To the extent that we continue to refer to the appeals as separate, we do so based on their separate adjudication on remand. We still consider the appeals joined.

(0435-B-2 RF), Tab 2. He further requested an order that the agency "research and provide copies of the job announcements and [his] job applications to ever[y] 'Pathways' job" for which he had applied "at/and around the time of the instant case," as well as Pathways job announcements for which the agency did not disqualify him based on his failure to meet the 2-year degree requirement but "simply passed [him] up because another veteran . . . came first." 0342-B-2 RF, Tab 1 at 7; 0435-B-2 RF, Tab 1 at 7.

Without addressing the appellant's requests to stay the appeals and order the production of information, the administrative judge issued the same initial decision in both appeals in which he stated that the appellant had received "ample opportunity for additional discovery." 0342-B-2 RF, Tab 5, Remand Initial Decision (B-2 RID) at 4; 0435-B-2 RF, Tab 5, Remand Initial Decision at 4. The administrative judge denied the appellant's request for corrective action under VEOA and dismissed for lack of jurisdiction the appellant's USERRA claim. B-2 RID at 4.

The appellant has filed a petition for review in each appeal. *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0342-B-2, Remand Petition for Review (0342 RPFR) File, Tab 1; *Donahue v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0435-B-2, Remand Petition for Review (0435 RPFR) File, Tab 1. The agency has filed responses in opposition to which the appellant has replied. 0342 RPFR File, Tabs 3-4; 0435 RPFR File, Tabs 3-4.[4]

---

[4] The parties have filed the same pleadings in both appeals on petition for review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has established jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a) and a USERRA retaliation claim under 38 U.S.C. § 4311(b) as to his nonselection for the position of GS-07 Budget Analyst Intern and the cancellation of the vacancy announcement for the GS 05/09 Budget Analyst Intern position.</u>

On review, the appellant reasserts that the Pathways Programs are "innately discriminatory against Gulf War veterans" and that the agency selectively implemented the Pathways Programs "as a tool to keep the [a]ppellant from getting hired."[5]  0435 RPFR File, Tab 1 at 3.  The administrative judge found that the appellant failed to make nonfrivolous allegations of a 4311(a) discrimination or 4311(b) retaliation claim under USERRA because he did not allege that his military service or protected activity of filing his prior USERRA claims was the reason for his nonselections.  B-2 RID at 9-12.  For the reasons discussed below, we disagree with the administrative judge's findings and remand this appeal for a hearing on the merits.

As relevant to our discussion here, to establish the Board's jurisdiction over his USERRA discrimination or retaliation claims under 38 U.S.C. § 4311(a) or § 4311(b), the appellant must nonfrivolously allege that the performance of duty or obligation to perform duty in the uniformed service or his protected USERRA activity was "a substantial or motivating factor" in his nonselection.[6] *See Kitlinski v. Merit Systems Protection Board*, 857 F.3d 1374, 1379-80 (Fed. Cir. 2017) (explaining that to establish jurisdiction over a USERRA

---

[5] The appellant is considered a Gulf War veteran based on his years of active-duty service, which included the period between August 2, 1990, and January 2, 1992.  0342 IAF, Tab 11 at 23, 25; *see* National Defense Authorization Act for Fiscal Year 1998, Pub. L. No. 105-85, § 1102, 111 Stat. 1629, 1922 (1997) (creating "veterans' preference status for certain veterans who served on active duty during the Persian Gulf War") (codified at 5 U.S.C. § 2108(1)(C), (3)(B)).

[6] The parties have not disputed the administrative judge's finding that the appellant satisfied the remaining jurisdictional prerequisites of USERRA, B-2 RID at 9, and we discern no basis upon which to disturb that finding.

discrimination claim, an appellant must nonfrivolously allege "that his military service was 'a substantial or motivating factor' in the agency's action in question") (citations omitted); *Kitlinski v. Department of Justice*, 2023 MSPB 13, ¶ 8 (identifying the requirement that, to establish jurisdiction over a USERRA reprisal claim, an appellant must nonfrivolously allege that his protected activity was a motivating factor in the agency's action). A claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly when, as here, the appellant is pro se. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010); *see Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998) (agreeing with the Board's "liberal approach in determining whether jurisdiction exists under USERRA"). The weakness of an appellant's assertions in support of a claim is not a basis to dismiss the USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits. *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008).

As discussed below, we find that the appellant has nonfrivolously alleged that the agency denied him initial employment based on his performance of duty in the uniformed service and his protected activity.

As to the position of GS-07 Budget Analyst Intern, the appellant asserted below, and reasserts on review, that the agency used a Pathways Program to treat him, a Gulf War veteran, less favorably than a non-Gulf War veteran who was selected instead of him for the position. 0342 RPFR File, Tab 1 at 3; 0435 IAF, Tab 7 at 6-7. As to the GS 05/09 vacancy announcement, while the appellant was notified that he was not qualified for the position because he had not graduated within the prior 2 years, the vacancy announcement was then cancelled in June 2016 without a selection being made. 0342 IAF, Tab 4 at 3-6, Tab 5 at 3, Tab 11 at 19-24, 33-34. The agency has represented that it cancelled the initial GS-05/09 vacancy announcement and replaced it with a second GS-07 vacancy

announcement just days later to correct the advertised grade level. 0342 IAF, Tab 4 at 4, Tab 11 at 4-5, 36-46. The appellant alleged that the agency cancelled the vacancy announcement because it knew he was a veteran and wanted to hire a particular favored individual and that the agency strategically used the Recent Graduates program to discriminate against other candidates including "[a] veteran like [the appellant] who graduated more than 2 years [ago]." 0342 IAF, Tab 4 at 3, Tab 5 at 3.

The appellant also submitted a sworn affidavit in which he stated that he had filed multiple DOL VETS complaints in the past, that agency personnel knew that he filed such complaints, and that he was filing complaints around the same timeframe as he applied for the positions in the instant appeal. 0435-B-1 RF, Tab 6 at 164. He also states that the agency's "management personnel" were aware of his prior activity because they had provided discovery material to the appellant for similar complaints in the past. *Id.* at 9.

We find that the appellant has alleged that the agency deliberately took or failed to take some type of action that denied him initial employment for both the GS-07 and GS 05/09 positions. In a case involving a similar claim, *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶¶ 3, 10-11 (2009), the Board found that the appellant established USERRA jurisdiction based on his allegation that an agency improperly used a particular hiring authority, the Federal Career Intern Program, to avoid public notice of vacancies with the intent to hire nonveterans or veterans in a lower preference category. Here, as in *Weed*, the appellant has alleged that the agency denied him initial employment based on his performance of duty in the uniformed services by deliberately using a restrictive hiring authority. Specifically, he asserts that the agency used a Pathways Program to avoid hiring Gulf War veterans generally and him in particular as an individual who engaged in protected USERRA activity. Thus, we find that the Board has jurisdiction over the appellant's USERRA appeal as it relates to the nonselections at issue here. Once an appellant establishes jurisdiction over his

USERRA appeal, he has an unconditional right to a hearing on the merits of his claim. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012); *see Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007) (concluding that an appellant who requests a hearing in an USERRA appeal is entitled to one). Thus, we remand this appeal to the regional office for the appellant's requested hearing on his USERRA discrimination and retaliation claims. 0342 IAF, Tab 1 at 2; 0435 IAF, Tab 1 at 2.

<u>The administrative judge prematurely denied the appellant's request for corrective action under VEOA as to his nonselection for the position of GS-07 Budget Analyst Intern.</u>[7]

On petition for review, the appellant argues that the administrative judge failed to allow him sufficient time to complete discovery and submits a July 6, 2023 discovery request that he served to the agency before the initial decision was issued on July 14, 2023. 0435 RPFR File, Tab 1 at 3, 5-9. He requests that the Board "compel the agency to investigate the issues that he has raised and to release all the records he has requested, plus any other records that prove his case." 0435 RPFR File, Tab 1 at 3. In issuing the initial decision, the administrative judge stated that the appellant had received "ample opportunity" to conduct discovery. B-2 RID at 2. We disagree. Therefore, remand is again appropriate.

An administrative judge is required to follow the Board's remand instructions. *Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658, ¶ 23 (2008). The Board previously remanded the appellant's VEOA claim as to the GS-07 vacancy because the administrative judge issued the initial decision before the date set for the parties to complete discovery. RO, ¶¶ 14-17. The Board

---

[7] Neither party disputes the administrative judge's determination that the Board affirmed the prior finding that the appellant did not prove he was entitled to corrective action under VEOA on the merits as to his nonselection for the position of GS-05/09 Budget Analyst Intern. B-2 RID at 2. We discern no basis to disturb that finding. RO, ¶¶ 7-12.

instructed the administrative judge to "provide the parties with an opportunity to complete discovery and make submissions regarding the merits of [the appellant's] VEOA appeal." *Id.* at ¶ 17. The Board generally expects administrative judges to "send out [an] acknowledgment order . . . to the parties as soon as possible so that they can pace their discovery efforts." Merit Systems Protection Board, Judges Handbook, ch. 8(4)(b) (Judges Handbook).

Here, the record reflects that the administrative judge did not reopen discovery, as instructed, on the appellant's nonselection for the GS-07 vacancy. He also did not issue an order seeking additional submissions regarding the merits of the nonselection so that he could decide whether to hold a hearing. RO, ¶ 17; *see* Judges Handbook, ch. 9(2)(b) ("In cases decided without a hearing, the [administrative judge] must send out the appropriate standardized Order Closing the Record"). The administrative judge only issued a jurisdictional order regarding the appellant's burden under USERRA and indicated that the record on jurisdiction would close on the date that the agency's response was due. 0435-B-1 RF, Tab 2 at 8. While the administrative judge dismissed the remanded appeal without prejudice to refile based on the parties' request "for additional time to complete discovery preparations," there is no evidence in the record that he ever explained to this pro se appellant that he could reinitiate discovery or that the agency must respond to the appellant's prior discovery request within a particular amount of time. B-1 RID at 1-2.

Even if the administrative judge assumed that the parties were pursuing discovery on their own, the appellant's submissions should have alerted him to the fact that such was not the case. The same day that the remanded appeal was refiled, on June 21, 2023, the appellant requested that the administrative judge "stay" his appeal for an additional 3-6 months because of the press of other litigation and also requested an order that the agency provide specific documents and information related to whether the agency was inconsistent in its application of the recent graduate requirement to the appellant in connection with different

vacancies. 0435-B-2 RF, Tab 1 at 7-8. The administrative judge did not address this motion prior to issuing the remand initial decision less than 1 month later, on July 14, 2023. B-2 RID. The appellant has filed evidence on review that, in the interim, he requested discovery from the agency. 0435 RPFR File, Tab 1 at 3, 5-12. The agency concedes on review that the appellant initiated discovery. 0435 RPFR File, Tab 3 at 6.

On remand, the administrative judge shall expressly reopen the discovery process and grant the parties additional time to conduct discovery regarding the merits of the appellant's VEOA claim as it concerns his nonselection for the position of GS-07 Budget Analyst Intern. In light of the passage of time since the appellant originally filed his appeals in 2016, the administrative judge should advise the parties that they may initiate new discovery and provide guidance as to the discovery timelines.

VEOA appellants do not have an unconditional right to a hearing before the Board. *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 9. Instead, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Id.* Therefore, following the close of discovery, the administrative judge should make a determination as to whether the appellant is entitled to his requested hearing and set a close-of-record date regarding the merits of the appellant's nonselection claim. RO, ¶ 17.

**ORDER**

For the reasons discussed above, we again remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:         _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.